IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA S. RANDOLPH, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: ) |
| I.C. SYSTEM, INC., a corporation; AND NORTHEAST LEGAL GROUP, LLC., a corporation; | ) ) ) ) |
| Defendants. | ) ) |

# COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for her Complaint against the Defendants:

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Congress found it necessary to pass the FDCPA due to rampant abusive Practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## JURISDICTION

3. Personal jurisdiction exists over Defendants as they have the necessary minimum contacts with the State of Alabama and this suit arises out of their specific conduct with Plaintiff in Alabama.

4. Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332).

5. The Defendants are not residents or citizens of Alabama.

6. Plaintiff is a resident and citizen of Alabama.

7. The amount in controversy exceeds $75,000.

## VENUE

8. Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendants do business in this judicial district.

## PARTIES

9. Plaintiff Brenda S. Randolph (hereinafter "Plaintiff") is a natural person who is a resident and citizen of Alabama in this judicial district.

10. Plaintiff is a "consumer" under the FDCPA.

11. Defendant I.C. System, Inc. ("Defendant" or "ICS[1]") is a foreign debt collection firm that engages in the business of debt collection in Alabama (including this judicial district). ICS is incorporated in Minnesota and its principal place of business is outside of Alabama and is believed to be either Minnesota or Florida.

12. Defendant ICS is a "debt collector" under the FDCPA.

---

[1] Any reference to any or both Defendants means any of the named Defendants directly or through its debt collectors, employees and agents that took any collection action against Plaintiffs.

13. Defendant Northeast Legal Group, LLC ("Defendant" or "Northeast Legal[2]") is a foreign debt collection firm that engages in the business of debt collection in Alabama (including this judicial district). Northeast Legal is incorporated in Deleware and its principal place of business is outside of Alabama and is believed to be New York.

14. Defendant Northeast Legal is a "debt collector" under the FDCPA.

## FACTUAL ALLEGATIONS

15. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. Both Defendants have claimed to have the right to collect on this debt at the same time.

17. Both Defendants have credit reported on Plaintiff at the same time.

18. As recently as this year, both Defendants are still reporting this debt on Plaintiff in two separate accounts or tradelines.

19. Plaintiff does not and has not owed this debt to Defendants.

20. This debt arises out of a medical bill related to an insurance dispute.

---

[2] Any reference to any or both Defendants means any of the named Defendants directly or through its debt collectors, employees and agents that took any collection action against Plaintiffs.

21. Plaintiff paid the medical provider in 2011 and the debt was resolved completely.

22. Defendants, however, continued to report that they were collecting on the debt.

23. Defendants continued to report that a balance was owed by Plaintiffs to both Defendants.

24. Plaintiff did not owe any debt or any balance to either Defendant and certainly did not owe the same debt to both Defendants.

25. This is a common practice in the collection industry – to have multiple collection agencies report on the same account so it appears that the Plaintiff/consumer owes multiple collection accounts.

26. Each collection account drives down the score of the Plaintiff.

27. This provides the leverage for Defendants to attempt to force Plaintiff to pay even when Plaintiff does not owe any money to either Defendant.

28. Defendant ICS has falsely reported the account was paid in February 2012.

29. The account was paid in 2011.

30. At the same time Defendant ICS was reporting the account paid, February 2012, Defendant Northeast Legal reported the account as being owed ($161.00).

31. Plaintiff has contacted both Defendants on at least one occasion, if not multiple occasions, to find out why the Defendants are reporting as they are on Plaintiff's credit report.

32. Defendants know Plaintiff is disputing the validity of the debt claimed to be owed by Defendants.

33. Both Defendants have placed the blame on the other Defendant.

34. Both Defendants said Plaintiff would have to speak with the other Defendant.

35. Defendants did not timely mark the account as being disputed on Plaintiff's credit reports.

36. Defendants have not provided all required disclosures to Plaintiff.

## SUMMARY

37. All of the above-described collection activities by Defendants were made in violation of the FDCPA.

38. Defendant ARS violated numerous sections of the FDCPA, including, but not limited to: 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

39. The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

40. The above detailed conduct by Defendants reflect their knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof that Defendants willfully, maliciously, recklessly, and/or negligently undertook their actions and the Defendants were successful in causing the harm to the Plaintiff that Defendants wanted to cause.

41. The collection activities by Defendants caused Plaintiff stress and anguish.

42. Plaintiff has suffered actual damages as a result of these illegal collection activities by Defendants in the form of monetary loss, anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendants.

## **RESPONDEAT SUPERIOR LIABILITY**

43. The acts and omissions of Defendants' agents who conducted all collection activities were committed within the line and scope of their agency relationship with their principals, the Defendants.

44. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

45. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principals, the Defendants.

46. Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

47. Defendants negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

48. Defendants each acted as agents for each other in all of their collection activities that in any way relate Plaintiff, including all credit reporting.

49. Defendant ICS acted at all times as the agent for Defendant Northeast Legal.

50. Defendant Northeast Legal acted at all times as the agent for Defendant ICS.

51. As each Defendant is a debt collector, then each Defendant is liable for the illegal collection activities of the other Defendant.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

52. Plaintiff incorporates by reference all the paragraphs of this Complaint as though fully stated herein.

53. The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including, but not limited to the following: 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

54. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages; actual and compensatory damages; and reasonable attorney's fees, expenses and costs, from each Defendant.

### COUNT II.

### INVASION OF PRIVACY

55. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

56. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

57. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

58. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

59. Defendants intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

60. Defendants intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

61. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

62. The conduct of Defendants, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

63. The conduct of Defendants went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

64. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

65. All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

66. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

67. Defendants negligently, wantonly, and/or intentionally hired, assigned, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

68. Defendant ICS is an incompetent debt collector and Defendant Northeast Legal knew this at the time it made Defendant ICS its agent.

69. Defendant Northeast Legal is an incompetent debt collector and Defendant ICS knew this at the time it made Defendant Northeast Legal its agent.

70. Had Defendants hired competent debt collectors, the violations described in this Complaint would not have occurred.

71. Had Defendants properly hired, assigned, trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

72. Defendants carried out their hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

73. Defendants knew that the actions they were taking against the Plaintiff would likely, cause the exact type of injuries and damages that Plaintiff suffered at the hands of Defendants.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

74. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

75. Defendants owe a duty to anyone they come in contact with to act reasonably so as to not unreasonably cause harm.

76. Defendants assumed a duty to act reasonably towards Plaintiff and not to unreasonably cause Plaintiff harm.

77. Defendants owe a duty to consumers against whom they are collecting to act reasonably.

78. All of the actions described in this Complaint demonstrate that Defendants did not act reasonably towards the Plaintiff.

79. Defendants by their described conduct, breached their duty to act reasonably towards Plaintiff.

80. Defendants proximately caused injuries and damages to Plaintiff which were of the precise nature that Defendants anticipated causing when they breached their duty to act reasonably.

81. Defendants knew, or should have known, that their conduct was likely to lead to the Plaintiff's injuries yet they acted despite this knowledge.

82. Defendants acted with full knowledge and with the design and intent to cause harm to Plaintiff.

83. Defendants were successful in their design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Defendants when dealing with consumers who do not pay debts that Defendants allege are owed.

84. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

85. Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

86. It was foreseeable, and Defendants did in fact foresee that the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

87. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

88. Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

89. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

90. As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damage as set forth in this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____
John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

_____
Attorney for Plaintiff


Serve defendants via certified mail at the following address:

I.C. System, Inc
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Northeast Legal Group, LLC
c/o Vcorp Services, LLC
1811 Silverside Road
Wilmington, DE 19810-4345