FILED
 2014 Jun-16  PM 02:57
 U.S. DISTRICT COURT
     N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRENDA S. RANDOLPH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  2:12-CV-03800-RDP |
| | ) |
| **NORTHEAST LEGAL GROUP, LLC,** | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

On May 23, 2014, the Magistrate Judge's Report and Recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge.  No objections to the Magistrate Judge's Report and Recommendation have been filed by Plaintiff or Defendant.

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court finds that the Report and Recommendation of the Magistrate Judge are due to be accepted in part and rejected in part.  The court **ACCEPTS** the recommendations of the Magistrate Judge that the motion for summary judgment filed by Plaintiff be granted with respect to her claims under the Fair Debt Collection Practices Act and that judgment be entered in favor of Plaintiff and against Defendant Northeast Legal Group, LLC, in the amount of $1000 in statutory damages and $72,000 in actual damages, in addition to attorney's fees and costs in an amount to be determined after Plaintiff has submitted a separate application for attorney's fees and costs.

However, the court **REJECTS** the recommendation of the Magistrate Judge to award Plaintiff under Rule 56 the amount of $72,000 in compensatory damages for mental anguish and emotional distress.

The court views the circumstances of this case, in which Defendant's counsel withdrew and Defendant failed to thereafter defend itself in this action, as analogous to a default situation. In such cases, Federal Rule of Civil Procedure 55(b)(1) applies. Under Rule 55(b)(1), in the Eleventh Circuit, a "judgment of default awarding cash damages could not properly be entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). As explained by the Seventh Circuit,

> The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment. The default is entered upon the defendant's failure to plead or otherwise defend, Fed.R.Civ.P. 55(a), but if an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered. See Rule 55(b)(2).

*S.E.C. v. Smyth,* 420 F.3d 1225, 1232 (11th Cir. 2005) (quoting *Lowe v. McGraw–Hill Cos.*, 361 F.3d 335, 339-40 (7th Cir. 2004)). Plaintiff's damages for alleged mental anguish and emotional distress are not capable of mathematical calculation.

Furthermore, even if the court's analogy to Rule 55 is inapt, the court concludes alternatively that the Rule 56 record in this case does not support an award (that is not capable of mathematical calculation) for mental anguish and emotional distress damages.

Therefore, the court finds that on the issue of emotional distress and mental anguish damages, the present record does not support entry of such a damage judgment. Instead, an appropriate hearing/trial is necessary on these damages, at which the issues of attorneys' fees and costs may also be considered.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** this ____16th____ day of June, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE